## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

YONG JUAN ZHAO, on behalf of her
minor son, Steven Zhao,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 17-CV-00454-NJR-GCS

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff Yong Juan Zhao's Bill of Costs (Doc. 56). Zhao seeks $34,232.31 in costs, including $24,185.00 in witness fees. The witness fees include a $235.00 subsistence fee for Dr. Michael Cardwell. Defendant United States of America objects only to the witness fees.

Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *Cefalu v. Vill. of Elk Grove,* 211 F.3d 416, 427 (7th Cir. 2000). There is a presumption in favor of the award of costs, and in order to overcome that presumption, "the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.,* 411 F.3d 854, 864 (7th Cir. 2005) (citing *M.T. Bonk Co. v. Milton Bradley Co.,* 945 F.2d 1404, 1409 (7th Cir. 1991)). Thus, Rule 54(d)(1) establishes "a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006). The Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct

of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); *see also Rivera*, 469 F.3d at 634.

Although the prevailing party is presumptively entitled to costs, not all of the costs of litigation are recoverable. "[A] district court may not tax costs under Rule 54(d) unless a federal statute authorizes an award of those costs." *Republic Tobacco Co. v. N. Atl. Trading Co.,* 481 F.3d 442, 447 (7th Cir. 2007). The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes: (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness and printing fees and expenses, (4) fees for copies or papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. 28 U.S.C. § 1920. Taxing costs against the non-prevailing party requires two inquiries: (1) whether the cost is recoverable, and (2) whether the amount assessed is reasonable. *See Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). Further, 28 U.S.C. § 1924 requires that the party filing the bill of costs verify the claimed items by attaching an affidavit attesting "that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." Zhao did so in this case.

As to the costs that Government does not object to, the Court has reviewed those costs and finds them to be reasonable. Thus, the Court **AWARDS** Zhao **$400.00** for fees of the Clerk; **$68.00** for fees for service of summons and subpoena, **$5,742.00** for fees for printed or electronically recorded transcripts, **$684.00** for fees and disbursements for printing, **$722.70** for fees for exemplification and the costs of making copies of any

materials where the copies are necessarily obtained for use in the case, and **$2,430.61** for compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828.

Lastly, Zhao seeks $24,185.00 in costs associated with witness fees pursuant to 28 U.S.C. § 1920(3) and 28 U.S.C. § 1821. Specifically, Zhao asks for a $2,250.00 attendance fee for Dr. Michael Noetzel, a $13,750.00 attendance fee and $235.00 subsistence fee for Dr. Cardwell, and a $7,950.00 attendance fee for David Gibson. The Government argues that Zhao cannot recover for the fees of the experts but may recover $40.00 each for each day of attendance under 28 U.S.C. § 1821(b). The Government also argues that Zhao is not entitled to the subsistence fee for Dr. Cardwell because he is a resident of the same city where his deposition took place. The Court agrees with the Government in both instances.

With the exception of court-appointed expert witnesses, witness fees are limited to $40.00 per day of attendance at trial or deposition as well as expenses incurred for travel and subsistence. *See Bankston v. State of Illinois,* 60 F.3d 1249, 1257 (7th Cir. 1995); 28 U.S.C. § 1821. A subsistence allowance should only be paid when an overnight stay is required at the location of attendance because the location is so far removed from the residence of the witness that it prohibits returning from day to day. 28 U.S.C. § 1821(d)(1). Beyond those amounts, "expert witness expenses may not be calculated as part of attorneys' fees or general litigation costs except as allowed by specific provisions of fee-shifting statutes." *Bankston,* 60 F.3d at 1257. *See also Chicago College of Osteopathic Med. v. George A. Fuller Co.,* 801 F .2d 908, 911 (7th Cir.1986); *Illinois v. Sangamon Construction Co.,*

657 F.2d 855, 864-65 (7th Cir.1981) (holding that a party may "recover as costs of suit for expert witnesses only the amount specified in 28 U.S.C. § 1821"). Clearly, Zhao is not entitled to the $24,185.00 in deposition fees. Zhao is only entitled to $40.00 for each day of attendance for each witness. Additionally, because Dr. Cardwell was a resident of Bloomington, Illinois, at the time of his deposition in that very same city, Zhao is not entitled to a subsistence fee for Dr. Cardwell either. Thus, the Court **AWARDS $120.00** total in fees for witness attendance.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Zhao's Bill of Costs. The Court **AWARDS** Zhao **$10,167.31** in costs.

**IT IS SO ORDERED.**

**DATED:   May 4, 2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**